IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:06CV180LG |
| | § | 1:05CR17LG-JMR |
| JUAN HERNANDEZ | § | |

### MEMORANDUM OPINION AND ORDER DENYING JUAN HERNANDEZ'S MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Defendant, Juan Hernandez, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255.  Defendant seeks to set aside his August 18, 2005, Judgment of Conviction and subsequent sentence for violation of  18 U.S.C. §1952(a)(1).  After consideration of Defendant's Motion, the Government's response, the pleadings and record on file, and the relevant legal authority, the Court finds that said § 2255 Motion should be denied.

### FACTS AND PROCEDURAL HISTORY

On April 22, 2005, the Defendant, Juan Hernandez, entered a negotiated plea of guilty to violation of 18 U.S.C. § 1952(a)(1), interstate travel with intent to distribute proceeds of unlawful activities, and violation of 21 U.S.C. § 853, criminal forfeiture.  As part of the plea agreement Defendant waived his right to appeal the sentence or the manner in which it was imposed.  In addition, he waived his right to contest the sentence in a post-conviction proceeding or by §2255 motion.  Hernandez was sentenced on August 17, 2005, to 60 months imprisonment, a three year term of supervised release, and a mandatory assessment in the amount of $100.00.  The judgment of conviction was signed on August 17, 2005, and filed with the Court on August 18, 2005.  In addition, an order finalizing forfeiture of property was signed

and entered on February 1, 2006.  The Defendant did not appeal his guilty plea or sentence.  On March 8, 2006, the Defendant filed the instant § 2255 Motion.  In his Motion the Defendant raises the following claims:

> 1) Whether the Court abused its discretion by not departing downward 3 levels for mitigating role and the adjustment under § 3B1.2 due to Booker remedial rule clear error.
>
> 2) Petitioner did not knowingly and intelligently waive his right to a constitutional sentence.

In addition, Defendant supplemented his petition on October 23, 2006, by adding the following:

> 3) Pursuant to USSG § 3B1.2, defense counsel was ineffective for failing to argue a mitigating role cap, minor role adjustment which was available at sentencing.

Defendant Hernandez attacks the sentence imposed following his guilty-plea conviction.  The Government has filed a general response including an affirmative defense of waiver.

## DISCUSSION

DEFENDANT'S WAIVER OF HIS RIGHT TO ASSERT CLAIMS UNDER 28 U.S.C. § 2255

When the Defendant entered his negotiated plea of guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or contest the sentence in any post-conviction proceeding.[1]  A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir.

---

[1] Defendant's Memorandum of Understanding dated April 18, 2005, provides in part:
   15. The Defendant... hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in § 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code . . . .

2000); *United States v. Melancon,* 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction relief. *United States v. Wilkes,* 20 F.3d 651(5th Cir. 1994).

The Fifth Circuit recently held that *Blakely* and *Booker* do not alter the plain meaning of appeal-waiver provisions in valid plea agreements. *U.S. v. McKinney* 406 F.3d 744, 747 (5th Cir. 2005). Even under *Booker's* advisory rather than mandatory sentencing scheme, a waiver of an appeal is enforceable because "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *U.S. v. Bochas,* 131 Fed.Appx. 968, 969-70 (5th Cir. 2005), *quoting Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *see also United States v. Bradley,* 400 F.3d 459, 464 (6th Cir. 2005). Hernandez does not claim that he did not knowingly and intelligently plead guilty, only that he did not waive his right to a constitutional sentence by pleading guilty. This argument presents no basis for allowing Hernandez to avoid the consequences of his guilty plea. The Court will therefore enforce the plea agreement, including Hernandez's waivers of his right to appeal a sentence imposed within the U.S. Sentencing Guideline range and his right to contest the sentence in a post-conviction proceeding, including this § 2255 Motion.

ALTERNATIVE FINDINGS

A. SENTENCING GUIDELINES CLAIMS NOT COGNIZABLE UNDER § 2255

As noted above, Defendant's § 2255 Motion essentially challenges the Court's calculations, findings of fact, and application of certain provisions of the Federal Sentencing Guidelines. It is well settled that § 2255 claims based on alleged miscalculation or misapplication of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255. Section 2255 motions may raise only constitutional errors and other injuries that could not have been

raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. "The statute is restricted to the following narrow range of grounds: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack" *U.S. v. Gurrusquieta-Solache,* 2004 WL 1620073, *1 (N.D. Tex. 2004). Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Payne,* 99 F.3d 1273 (5th Cir. 1996); *United States v. Faubion,* 19 F.3d 226 (5th Cir. 1994); *United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1996)(holding that a district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under § 2255); *United States v. Sigeler,* 37 F.3d 1131, 1134 (5th Cir. 1994)(holding that "a district court's technical application of the guidelines does not give rise to a constitutional issue cognizable under § 2255"). Similarly, challenges to a sentencing court's factual findings on the basis of which the court makes sentencing adjustments may not be raised in a § 2255 proceeding if they could have been raised on direct appeal. *Balderas v. U.S.*, 2004 WL 2801131, *2 (N.D. Tex. 2004); *United States v. Perez,* 952 F.2d 909, 909-10 (5th Cir. 1992).

### B. THE MERITS OF DEFENDANT'S GUIDELINES CLAIMS

Finally, if Hernandez were able to avoid the waiver provisions of his plea agreement and long-standing precedent holding that sentencing guideline claims may not be raised through a § 2255 motion, he could not prevail. Hernandez claims that he was entitled to a mitigating role under the Sentencing Guidelines as he was only a "mule" carrying money to someone else. The Government argues that even if this issue had been raised during the sentencing hearing, it would

have no bearing on the outcome as it would not have affected the guideline calculations. Hernandez's offense level was a 29 with a criminal history category of II calling for a guideline range of 97-121 months. Had the downward departure that Hernandez requests been granted, then a four-level reduction would have placed Hernandez at an offense level of 25, criminal history category of II calling for a guideline range of 63-78 months. Hernandez pled guilty to a count which capped him at 60 months. Under these circumstances, the Court finds that Hernandez suffered no injury from the Court's alleged error in failing to consider and grant the largest role reduction available under the guidelines. Accordingly, considered on the merits, Defendant's claim for relief under §2255 is not well taken and should be denied.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion of the Defendant, Juan Hernandez, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed March 8, 2006, [19-1] should be **DENIED.**

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant, Juan Hernandez, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed March 8, 2006, [19-1] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 23rd day of March 2007.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge